**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

Plaintiff-Appellee,

v.

WAL-MART STORES, INC.,

Defendant-Appellant.

No. 97-2229
(D.C. No. CIV. 96-0086 JP/WWD)
(D. N.M.)

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

Plaintiff-Appellant,

v.

WAL-MART STORES, INC.,

Defendant-Appellee.

No. 97-2252
(D.C. No. CIV. 96-86 JP)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **LUCERO** , **McKAY** , and **PORFILIO** , Circuit Judges.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

The Equal Employment Opportunity Commission (EEOC) brought this suit against Wal-Mart Stores, Inc. under § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. It sued on behalf of Christa Gurule, a former Wal-Mart employee, claiming that Wal-Mart subjected Ms. Gurule to a hostile work environment and constructively discharged her because of her gender. It also claimed that Wal-Mart acted intentionally and with malice and reckless indifference. It sought relief in the form of backpay and compensatory and punitive damages.

The facts were, and are, hotly disputed. The gist of the evidence is this: Wal-Mart hired Ms. Gurule as a sales associate on August 23, 1993. She quit on January 28, 1994. During the five months Ms. Gurule worked for Wal-Mart, Ken Nguyen was a manager-trainee. The EEOC claimed that Mr. Nguyen harassed Ms. Gurule at work and at home and that Wal-Mart failed to take effective remedial action to stop him; Wal-Mart said that Mr. Nguyen claimed to have had a consensual sexual relationship with Ms. Gurule. Ms. Gurule said she quit

because of Mr. Nguyen's harassment; Wal-Mart claimed that her personnel file showed that she was returning to school, and that she manufactured her harassment claim to hide her affair with Mr. Nguyen from her jealous husband. Wal-Mart presented evidence that the company had an established policy against sexual harassment and that every Wal-Mart employee was given the same computer-based training regarding sexual harassment. There is no evidence in the excerpts of the transcript that were provided to us that describes the content of that training or confirms that each of the individuals involved in this case actually received the training.

The EEOC presented evidence that Ms. Gurule began complaining to Wal-Mart management about harassment by Mr. Nguyen within a couple of weeks after beginning work. Store managers were already aware of Mr. Nguyen's inappropriate behavior toward female coworkers. One female employee had already complained to the personnel manager about harassment by Mr. Nguyen. Three female managers testified that they had been subjected to inappropriate and offensive comments from him.

Ms. Gurule sought and received a transfer from cosmetics to the cash registers in the hope that this would prevent Mr. Nguyen from bothering her. It did not. Her complaint about Mr. Nguyen's behavior was passed on by her immediate supervisors, department managers Trudy Lucero and Glenda Derrick,

to an assistant store manager, Terry Uhl, who admitted he did nothing about it and ignored inquiries from Ms. Gurule's father, who also worked at the store. Another assistant manager, Ed Warriner, was informed about the situation. He told the store manager, Boyd Dooley, but did nothing more because he believed it was no longer his problem. Ms. Lucero also spoke with Mr. Dooley, who informed Ozzie Crawford, Wal-Mart's District Operations Manager, who supervised 1800-2000 employees in this and eight other stores. At Mr. Crawford's direction, Mr. Dooley talked to Ms. Gurule and her immediate supervisors, telling them that he would take care of the problem. He and Mr. Crawford then spoke to Mr. Nguyen. Mr. Crawford considered Mr. Nguyen's behavior toward Ms. Gurule to be inappropriate but not harassment. He recalled that he told Mr. Nguyen not to have any contact with Ms. Gurule unless it related to his duties as a management trainee. He did not discipline Mr. Nguyen, however, nor did he explain to Mr. Nguyen what action might be taken against him. Mr. Nguyen testified that Mr. Dooley merely told him not to date any of the female employees in retail, and to stay away from the area where Ms. Gurule worked. Mr. Dooley then left it to Mr. Crawford to follow up on Ms. Gurule's complaint, even though he later heard of another incident involving Mr. Nguyen and Ms. Gurule. Ms. Lucero tried to follow up with Mr. Dooley, but was told that it was none of her business. Mr. Crawford testified that he was sure that

Mr. Dooley was asked to stay involved in the problem, but that he never asked Ms. Gurule whether she was still having problems with Mr. Nguyen, even though he also heard of the subsequent incident. Ms. Gurule testified that Mr. Nguyen's harassment slowed down for awhile, but never stopped.

After a four-day trial, the jury returned a verdict for the EEOC, awarding damages of $18,000 for sexual harassment and $16,500 for constructive discharge. The district court did not give a punitive damages instruction, having decided that the EEOC presented insufficient evidence for the jury to conclude that Wal-Mart acted with malice or reckless indifference. The court decided that the EEOC was not entitled to punitive damages under 42 U.S.C. § 1981a(b)(1) as a matter of law.

Both parties appeal. In No. 97-2229, Wal-Mart appeals from the district court's exclusion of evidence under Fed. R. Evid. 412. In No. 97-2252, the EEOC appeals from the district court's judgment as a matter of law in favor of Wal-Mart on the issue of punitive damages. We have jurisdiction under 28 U.S.C. § 1291.

<u>No. 97-2229</u>

Before trial, the EEOC filed a motion in limine, seeking on the basis of Fed. R. Evid. 402, 403 and 412 to exclude any evidence of Ms. Gurule's sexual relationships with anyone other than Mr. Nguyen. The district court allowed

Wal-Mart to file a motion for the admission of such evidence under Rule 412(c)(1)(A), and held two hearings on the matter. Two Wal-Mart employees, Adrian Baca and Mehran Hakhamian, testified that each of them had a sexual relationship with Ms. Gurule outside of work during the time that she worked for Wal-Mart. Boyd Dooley, the store manager, testified that he developed a generalized suspicion that she was engaged in affairs with coworkers while he was investigating her complaints of harassment, but admitted that he had no specific knowledge about it. Wal-Mart argued that all of this evidence was relevant to show: (1) that Ms. Gurule's claimed emotional distress was caused by hiding multiple affairs from her husband, not by harassment from Mr. Nguyen; (2) that Ms. Gurule's willingness to engage in affairs with coworkers showed that her affair with Mr. Nguyen was consensual; and (3) that Wal-Mart management's suspicions about Ms. Gurule's affairs explained its resolution of the conflicting reports it received from her and Mr. Nguyen. Wal-Mart urged that the jury should have all the evidence in order to decide the truth between Ms. Gurule's and Mr. Nguyen's conflicting stories. The court concluded that the probative value of Mr. Baca's and Mr. Hakhamian's testimony did not substantially outweigh the possible prejudicial effect to the EEOC, and excluded it under Rule 412(b)(2). The court also rejected Wal-Mart's request to examine Mr. Baca and Mr. Hakhamian regarding their romantic, rather than sexual, relationships with

Ms. Gurule, on the basis that such testimony would obviously have the same connotation. The court excluded Mr. Dooley's testimony as too vague and as posing too much danger of unfair prejudice.

We review a district court's exclusion of evidence for abuse of discretion. Curtis v. Oklahoma City Pub. Sch. Bd. of Educ., 147 F.3d 1200, 1217 (10th Cir. 1998). We will not disturb the court's decision unless we have "a definite and firm conviction that [it] made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Id. (quotation omitted). Adding to Wal-Mart's burden on appeal is the fact that Rule 412 is unlike the other Federal Rules of Evidence, in that the party seeking the admission of evidence "'to prove the sexual behavior or sexual predisposition of any alleged victim'" must show "that the evidence's probative value 'substantially outweigh[s]' its prejudicial effect." Rodriguez-Hernandez v. Miranda-Velez, 132 F.3d 848, 856 (1st Cir. 1998) (quoting Rule 412(b)(2)).

On appeal, Wal-Mart repeats the arguments it made in the district court. Its first argument--that evidence of Ms. Gurule's sexual relationships outside of work was relevant to disprove her claims that harassment by Mr. Nguyen at work was the cause of her stress--is unsupported by relevant legal authority in either its opening brief or its reply brief, and we therefore decline to consider it. See Phillips v. Calhoun, 956 F.2d 949, 953-54 (10th Cir. 1992).

With respect to Wal-Mart's other arguments, the EEOC correctly points out that "[t]he gravamen of any sexual harassment claim is that the alleged sexual advances were 'unwelcome.'" Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 68 (1986). This court holds that "'[a] person's private and consensual sexual activities do not constitute a waiver of his or her legal protections against unwelcome and unsolicited sexual harassment'" at work. Winsor v. Hinckley Dodge, Inc., 79 F.3d 996, 1001 (10th Cir. 1996) (quoting Katz v. Dole, 709 F.2d 251, 254 n.3 (4th Cir. 1983)); see also Burns v. McGregor Elec. Indus., Inc., 989 F.2d 959, 963 (8th Cir. 1993) (holding that "[t]he plaintiff's choice to pose for a nude magazine outside work hours is not material to the issue of whether plaintiff found her employer's work-related conduct offensive.") For this reason, evidence of Ms. Gurule's sexual relationships with coworkers outside work, and evidence of Wal-Mart management's generalized suspicions about her relationships outside work, is not relevant to Ms. Gurule's claims of harassment at work. Wal-Mart has failed to demonstrate that the district court abused its discretion by excluding Wal-Mart's proffered Rule 412 evidence, and the district court's decision is therefore affirmed.

No. 97-2252

In its cross-appeal, the EEOC argues that the district court erred by deciding as a matter of law that Wal-Mart's failure to take effective remedial

-8-

action was not with malice or reckless indifference, and that the EEOC therefore had not carried its burden to create a triable issue as to punitive damages. We review de novo the district court's judgment as a matter of law under Fed. R. Civ. P. 50. See Strickland Tower Maintenance, Inc. v. AT&T Communications, Inc., 128 F.3d 1422, 1426 (10th Cir. 1997). Judgment as a matter of law is appropriate "only if the proof is all one way or so overwhelmingly preponderant in favor of the movant as to permit no other rational conclusion." Id. (quotation omitted).

In June of this year, the Supreme Court decided the legal standard for punitive damages under Title VII. See Kolstad v. American Dental Ass'n, 119 S. Ct. 2118 (1999). The Court determined that, to demonstrate its entitlement to punitive damages under 42 U.S.C. § 1981a, a plaintiff must show that: (1) the employer acted with malice or reckless indifference, a state of mind which can be shown with evidence that the employer discriminated against the employee with the knowledge that it might be violating federal law, see Kolstad, 119 S. Ct. at 2124-25; (2) an employee serving in a managerial capacity committed the wrong, see id. at 2128; (3) the managerial agent was acting in the scope of employment, see id.; and (4) the agent's action was not contrary to the employer's good-faith efforts to comply with Title VII, see id. at 2128-29.

This court recently interpreted Kolstad in EEOC v. Wal-Mart Stores, Inc., Nos. 98-2015, 98-2030, 1999 WL 638210 (10th Cir. Aug. 23, 1999). In that case,

we decided the record on appeal was sufficient to decide the issues of intent and agency laid out in Kolstad, even though it had been prepared before the Court issued its decision. See EEOC v. Wal-Mart, 1999 WL 638210, at *4. Kolstad and EEOC v. Wal-Mart were decided well after the parties prepared their materials for this appeal in late 1997 and early 1998. Based upon our review of the record on appeal, we conclude that it is not sufficient to decide the issues of intent and agency laid out in Kolstad. First, the district court did not indicate what standard it was applying to this issue. See Appellee-Cross-Appellant's Supp. App., Tab A. Further, the parties provided only ill-marked excerpts of the trial transcript. Despite a partial evidentiary showing supporting the EEOC's claim for punitive damages, there are only bits and pieces of the evidence relevant to some of the required elements. However, the excerpts provided indicate that the rest of the evidence the EEOC needs might exist, but the relevant pages were simply not provided to this court. We therefore remand for the parties to submit additional briefing to the district court in light of the recently clarified standard for punitive damages, and for the district court to determine whether the EEOC carried its burden to create a triable issue as to punitive damages under that standard. If so, the district court should submit the issue to a jury.

The judgment in No. 97-2229 is AFFIRMED.  The judgment in

No. 97-2252 is REVERSED, and the case is REMANDED for the specific

purpose of reconsidering the issue of punitive damages.


Entered for the Court


Monroe McKay
Circuit Judge